IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN L. COCHRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-0139-SSA-CV-W-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff John L. Cochran seeks judicial review,[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on February 5, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

The administrative law judge (ALJ) determined the plaintiff last met the insured status requirements of the Social Security Act on December 31, 2010, and had not engaged in substantial gainful activity since his alleged onset date of April 10, 2010.  Through his date last insured, the ALJ found that plaintiff had the following severe impairments:  chronic asthmatic bronchitis; and obesity, Class I, with weight of 242 pounds at 5'11" for a body mass index (BMI) of 33.  The ALJ determined plaintiff's impairments did not meet or medically equal a severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ went on to determine that plaintiff, through date last insured, had the residual functional capacity (RFC) to perform sedentary work, but with some limitations to accommodate for his impairments.  Specifically as to plaintiff's asthmatic bronchitis, the ALJ determined plaintiff should avoid work in the presence of concentrated exposure to extreme heat, humidity, and wetness, and to pulmonary irritants, including fumes, odors, dusts and gases.  The ALJ found that while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC.  The ALJ noted lack of objective medical evidence to corroborate plaintiff's allegations.

Based on the record as a whole, and the testimony of a vocational expert at the hearing, the ALJ determined plaintiff was capable of performing his past relevant work as a security manager. Accordingly, the ALJ determined plaintiff to not be disabled as defined by the Social Security Act at any time from April 10, 2010, the alleged onset date, through December 31, 2010, the date last insured.

Plaintiff argues the ALJ erred in assessing plaintiff's credibility, failing to properly consider third-party observations and information, and in determining plaintiff's RFC and capability of performing past relevant work.

Upon review, this Court finds the decision of the ALJ is supported by substantial evidence in the record.

The ALJ did not err in discounting plaintiff's credibility. Deference to the ALJ's credibility findings is warranted because they are supported by good reasons and substantial evidence, including the lack of objective medical evidence to corroborate plaintiff's allegations of disabling symptoms and the limited nature of the medical treatment he received during the relevant time. See Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006).

The ALJ did not err in consideration of third-party statements. As part of her discussion of the evidence, the ALJ specifically considered the third-party reports completed by two of plaintiff's business associates, but found they failed to support a finding of disability. The ALJ observed that these reports paralleled plaintiff's own subjective complaints and were inconsistent with the evidence of record, including the objective medical evidence in the record. The ALJ further noted these persons both admitted they only saw plaintiff infrequently, and therefore, their opinions as to plaintiff's daily activities were largely speculation.

The ALJ did not err in determining plaintiff had an RFC to perform sedentary work. The ALJ's RFC determination is consistent with the record as a whole, including medical records for the relevant period. See Jones v. Astrue, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of her limitations; RFC determination must be supported by some medical evidence).

The ALJ did not err in determining plaintiff could do his past relevant work. With the assistance of a vocational expert, the ALJ properly compared plaintiff's RFC assessment "with

the physical and mental demands of [the claimant's] past relevant work" as a security manager. Young v. Astrue, 702 F.3d 489, 491 (8th Cir. 2013) (citing 20 C.F.R. § 404.1520(f)). Plaintiff contends the ALJ failed to discharge her duty because she failed to develop the record or make explicit findings regarding the mental and physical demands of plaintiff's past relevant work as a security manager. "The ALJ may discharge this duty by referring to the specific job descriptions in the Dictionary of Occupational Titles (DOT) that are associated with the claimant's past work." Id. Here, the ALJ referred to the DOT in her decision. Specifically, the ALJ had the vocational expert summarize plaintiff's past relevant work, and a determination was made that plaintiff's past relevant work falls under the DOT job description of security manager, a sedentary exertion level job. Plaintiff's attorney stipulated that this job is an accurate reflection of the plaintiff's past relevant work.

The ALJ went on to determine that a comparison of plaintiff's RFC with the physical and mental demands of security manager, showed that plaintiff was able to perform this work as generally performed. This was affirmed by testimony from the vocational expert who testified that an individual with the plaintiff's age, education, work experience and RFC would be able to perform the requirements of the security manager job. See Wagner v. Astrue, 499 F.3d 842, 853-54 (8th Cir. 2007) (an ALJ may properly elicit testimony from vocational expert in evaluating a claimant's capacity to perform past relevant work).

Finally, the ALJ did not err in excluding a step-5 analysis. Because the plaintiff failed to carry his initial burden of showing he was unable to perform his past relevant work, the burden did not shift to the Commissioner to produce evidence of other work existing in the national economy that plaintiff could perform. 20 C.F.R. §§ 404.1520(f), 404.1560(b); Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004). If an individual can perform his past relevant work, either as he actually performed the job or as it is generally performed in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(f), 404.1560(b).

**Conclusion**

Substantial evidence supports the ALJ's conclusion that plaintiff was not disabled within the meaning of the Social Security Act between April 10, 2010, his alleged disability onset date, and December 31, 2010, his date last insured.[2]

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 12th day of February, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.